**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3810-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OMAR CURRY,

    Defendant-Appellant.

_____

        Submitted December 10, 2025 – Decided February 10, 2026

        Before Judges Currier and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 15-05-1232.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

        William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Omar Curry appeals from the denial of his post-conviction relief (PCR) petition without an evidentiary hearing. Defendant contends counsel was ineffective for neglecting to file a motion for reconsideration of his sentence and appeal of his sentence after a negotiated plea bargain. Because we find that defendant has failed to demonstrate a prima facie case of ineffective assistance of counsel, we affirm.

Defendant was charged in an indictment with: first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); second-degree possession of weapons for unlawful purposes, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b).

In 2017, defendant entered a negotiated plea in which he pled guilty to first-degree aggravated manslaughter and second-degree unlawful possession of a handgun. The recommended aggregate sentence range was fifteen to twenty years. Defendant waived his right to appeal. The court dismissed charges in other pending indictments as part of the plea.

In September 2017, the court sentenced defendant to an aggregate sentence of twenty years imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court found the aggravating factors outweighed the nonexistent mitigating factors.

A-3810-23

Defendant filed a petition for PCR on July 7, 2022, contending his plea counsel "was ineffective for failing to file a requested [m]otion for [r]econsideration of [s]entence" and a direct appeal. In a written decision and memorializing order, the PCR court denied defendant's petition for PCR and an evidentiary hearing. The judge found that defendant had not demonstrated prima facie evidence of ineffective assistance of counsel.

On appeal, defendant raises a sole point:

> IN FAILING TO FILE AN APPEAL OF DEFENDANT'S SENTENCE, AS REQUESTED BY DEFENDANT, COUNSEL WAS INEFFECTIVE AND VIOLATED DEFENDANT'S RIGHT TO COUNSEL.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test, establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional

A-3810-23

errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

In State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025), our Supreme Court recently reaffirmed our role in reviewing PCR petitions, stating that "review of a PCR court's factual findings is 'necessarily deferential.' However, we review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 419 (2004)." (quoting State v. Nash, 212 N.J. 518, 540 (2013)).

In presenting a PCR petition, "[a] defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Here, defendant has failed to provide any supporting evidence other than his own assertions seven years after the event, that he requested a reconsideration motion or the filing of an appeal and, therefore, has not presented prima facie evidence of ineffective assistance of counsel. Furthermore, defendant knowingly waived his right to appeal. During the plea hearing, defendant acknowledged if he appealed, all of the original charges would be reinstated, and he would face an exposure of seventy years in prison. There is no proffered evidence of any deficient performance by defense counsel.

A-3810-23

Nor has defendant shown any deficient performance affected the outcome of the proceedings. The court sentenced him in the range provided in the negotiated plea deal and additional pending charges against him were dismissed. As the PCR court stated: Defendant's "negotiated plea resulted in a reduced charge of [f]irst-[d]egree [a]ggravated [m]anslaughter and [s]econd-[d]egree [u]nlawful [p]ossession of a [w]eapon with a substantially reduced sentencing exposure. The negotiated plea avoided a possible murder conviction, the potential life sentence that accompanied it, and the maximum range for [f]irst-[d]egree [a]ggravated [m]anslaughter." Defendant was well aware of the favorable plea, acknowledging in his brief that he "would not want to challenge the plea bargain."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3810-23